UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

**CIVIL ACTION NO. 16-166-DLB**

**JUANITA ELSWICK**                                                                **PLAINTIFF**

vs.                      **MEMORANDUM OPINION AND ORDER**

**NANCY A. BERRYHILL, Acting
Commissioner of Social Security**                                 **DEFENDANT**

\* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record and the parties' dispositive motions, and for the reasons set forth herein, hereby affirms the decision of the Commissioner.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On February 13, 2013, Plaintiff Juanita Elswick applied for Supplemental Security Income (SSI) payments, alleging disability beginning on January 1, 2012. (Tr. 20, 186-191). Plaintiff's application was denied initially and again on reconsideration. (Tr. 70-71). At Plaintiff's request, an administrative hearing was conducted on June 10, 2015, before Administrative Law Judge ("ALJ") Maria Hodges. (Tr. 39-54). On July 8, 2015, ALJ Hodges issued an unfavorable decision, finding that Plaintiff was not entitled to disability benefits. (Tr. 20-32). This decision became final when the Appeals Council denied Plaintiff's request for review on July 9, 2016. (Tr. 1-6). Plaintiff filed the instant action on August 4, 2016. (Doc. # 1). The matter has culminated in cross-motions for

1

summary judgment, which are now ripe for adjudication. (Docs. # 11 and 13).

## II. DISCUSSION

### A. *Overview of the Process*

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Colvin v. Barnhart*, 475 F.3d 727, 729 (6th Cir. 2007). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Id.* Rather, the court is required to affirm the Commissioner's decision, as long as it is supported by substantial evidence, even if it might have decided the case differently. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). If supported by substantial evidence, the Commissioner's findings must be affirmed, even if there is evidence favoring Plaintiff's side. *Listenbee v. Sec'y of Health & Human Servs.*, 846 F.2d 345, 349 (6th Cir. 1988). Similarly, an administrative decision is not subject to reversal merely because substantial evidence would have supported the opposite conclusion. *Smith v. Chater*, 99 F.3d 780, 781-82 (6th Cir. 1996).

To determine disability, the ALJ conducts a five-step analysis. "If, at any step during the process, it is determined that the claimant is or is not disabled, the process is terminated." *Despins v. Comm'r of Soc. Sec.*, 257 F. App'x 923, 928-29 (6th Cir. 2007). Step One considers whether the claimant can still perform substantial gainful activity;

2

Step Two, whether any of the claimant's impairments, alone or in combination, are "severe;" Step Three, whether the impairments meet or equal a listing in the Listing of Impairments; Step Four, whether the claimant can still perform her past relevant work; and Step Five, whether a significant number of other jobs exist in the national economy that the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner to identify "jobs in the economy that accommodate [Plaintiff's] residual functional capacity." *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); *see also Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

### B. *The ALJ's Determination*

ALJ Hodges began the sequential evaluation by determining at Step One that the Plaintiff has not engaged in substantial gainful activity since her application date of February 13, 2013. (Tr. 22). At Step Two, the ALJ found that Plaintiff's degenerative disc disease, arthritis, chronic obstructive pulmonary disease (COPD), adjustment disorder, and anxiety disorder were severe impairments within the meaning of the regulations. (Tr. 22-25).

At Step Three, the ALJ found that Plaintiff does not have an impairment, or combination of impairments, listed in or medically equal to an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 25). In doing so, the ALJ determined that the Plaintiff's degenerative disc disease and arthritis impairments failed to meet the requirements of Listings 1.02, 1.04, or 14.09. *Id.* The ALJ further found that Plaintiff's COPD did not meet or equal the requirements of Listing 3.02. *Id.* Similarly, the ALJ found that Plaintiff's mental impairments, considered singly and in combination, did not

3

meet or medically equal Listing 12.04 or Listing 12.06. (Tr. 26).

At Step Four, the ALJ concluded that Plaintiff has the residual functional capacity (RFC) to perform medium work activity with the additional following restrictions:

> [Plaintiff can] frequently climb ramps/stairs, stoop, kneel, crouch or crawl; occasionally climb ladders/ropes/scaffolds; frequently handle; and should avoid concentrated exposure to vibration, hazards, and pulmonary irritants. Mentally, she can understand, remember, and carry out simple instructions; and should have only occasional interaction with others with no production quotas.

(Tr. 27). Based upon this RFC, the ALJ determined that Plaintiff was unable to perform her past relevant work as a food preparation worker or food service worker. (Tr. 30).

Accordingly, the ALJ proceeded to the final step of the sequential evaluation. At Step Five, the ALJ found that there are a significant number of jobs in the economy that Plaintiff could perform. (Tr. 31). The ALJ based this conclusion on testimony from a vocational expert (VE), in response to a hypothetical question assuming an individual of Plaintiff's age, education, work experience, and RFC. *Id.* The VE testified that a hypothetical individual with Plaintiff's vocation profile and RFC could find medium-level work as a store laborer or sorter, light-level work as a package tagger or small parts assembler, or sedentary-level work as a final assembler or weigher. *Id.* Therefore, the ALJ concluded that Plaintiff is not under a "disability," as defined by the Social Security Act. (Tr. 32).

### C. *Analysis of Plaintiff's Arguments*

The Plaintiff advances three arguments on appeal. (Doc. # 11). First, the Plaintiff claims that the ALJ erred by not finding that her mental impairments met or medically equaled Listings 12.04 or 12.06. (Doc. # 11-1 at 4-5). Second, the Plaintiff complains that the ALJ erred in assessing her credibility. *Id.* at 5-7, 8-11. And third, the

4

Plaintiff argues that the ALJ relied on flawed VE testimony in determining that there were a sufficient number of jobs in the economy that Plaintiff could perform.  *Id.* at 7-8, 11-12.

### 1. Substantial evidence supports the ALJ's conclusion that Plaintiff does not meet Listings 12.04 or 12.06.

A claimant is disabled if her impairment or combination of impairments meet or equal one of the listings in the Listing of Impairments.  20 C.F.R. § 404.1525(a); *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011).  At Step Three of the evaluation process, it is the Plaintiff's burden to show that she meets or equals a listed impairment.  *Buress v. Sec'y of Health & Human Servs.*, 835 F.2d 139, 140 (6th Cir. 1987).

"When a claimant alleges that he meets or equals a listed impairment, he must present specific medical findings that satisfy the various tests listed in the description of the applicable impairment or present medical evidence which describes how the impairment has such equivalency."  *Thacker v. Soc. Sec. Admin.*, 93 F. App'x 725, 728 (6th Cir. 2004) (citing *Evans v. Sec'y of Health & Human Servs.*, 820 F.2d 161, 164) (6th Cir. 1987)).  To match a listing, the impairment "must meet *all* of the specified medical criteria."  *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).  "An impairment that manifests only some of those criteria, no matter how severely, does not qualify."  *Id.*

The Listings for most mental disorders consist of three parts: a set of clinical findings (Paragraph A criteria); a set of functional limitations (Paragraph B criteria); and additional functional criteria (Paragraph C criteria).  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.04, 12.06.  To meet either Listing 12.04 or Listing 12.06, the Plaintiff's impairment must satisfy the criteria in both Paragraphs A and B, or in Paragraph C.  *Id.*

Therefore, if a claimant cannot satisfy either paragraph B or C, she cannot meet Listing 12.04 or Listing 12.06.[1]

When evaluating the effects of a claimant's mental disorder, the ALJ employs a five-point rating scale, which consists of: none, mild, moderate, marked, and extreme. 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.00(F)(2). A "mild limitation" means the Plaintiff is "slightly limited" in functioning "independently, appropriately, effectively, and on a sustained basis." *Id.* A "moderate limitation" exists if the Plaintiff's "functioning in [an] area independently, appropriately, effectively, and on a sustained basis is fair." *Id.* A "marked limitation" means that Plaintiff's functioning "independently, appropriately effectively, and on a sustained basis is seriously limited." *Id.*

To satisfy the Paragraph B criteria, the Plaintiff's "mental disorder must result in extreme limitation of one, or marked limitation of two," Paragraph B areas of mental functioning. *Id.* Therefore, Paragraph B requires *at least* two of the following: (1) marked restriction of activities of daily living; (2) marked difficulties in maintaining social functioning; (3) marked difficulties in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of extended duration. *Id.*

The Plaintiff asserts that the ALJ erred in finding that she does not meet Listing 12.04 for depressive disorders or Listing 12.06 for anxiety disorders. (Doc. # 11-1 at 4-5). In support of her argument, the Plaintiff primarily relies on her hearing testimony and her long-term care at Mountain Comprehensive Care Center. *Id.* However, the

---

[1] The ALJ also found that the Plaintiff's mental impairments did not satisfy Paragraph C criteria. (Tr. 26). In her Motion for Summary Judgment, the Plaintiff does not challenge the ALJ's determination with regards to Paragraph C, nor does she cite to facts that could potentially satisfy Paragraph C's criteria. Instead, she relies solely on Paragraph B's criteria. (Doc. # 11-1 at 4-5). Therefore, the Court need not address Paragraph C.

Plaintiff's argument has two major flaws. First, there is a lack of medical evidence in the record to find that she meets or equals Listing 12.04 or Listing 12.06. And second, Plaintiff's hearing testimony is not objective evidence that can be used to establish whether she met or medically equaled a Listing. *See* SSR 96-5p, 1996 WL 374183, at *3 (Jul. 2, 1996) ("In most cases, the requirements of listed impairments are objective, and whether an individual's impairments manifests these requirements is simply a matter of documentation."); *see also* SSR 96-8p, 1996 WL 374184, at *2 (Jul. 2, 1996) (indicating that whether a claimant met or equals a listing is determined "on the basis of medical factors alone"); SSR 96-7p, 1996 WL 374186, at *9 (Jul. 2, 1996) ("[T]he adjudicator will not substitute allegations of pain or other symptoms for a missing or deficient sign or laboratory finding to raise the severity of the individual's impairment(s) to that of a listed impairment.").

Turning to Listing 12.04's and Listing 12.06's criteria, the ALJ concluded that Plaintiff did not satisfy Paragraph B's requirements. (Tr. 26). This finding is supported by substantial evidence.

First, activities of daily living include cleaning, shopping, and cooking. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(C)(1). As the ALJ noted, the Plaintiff stated that she can perform some light household chores, shop, manage her own bills, can take care of her personal needs, and can prepare her meals. (Tr. 26 (citing "Exhibit 6F" and "Exhibit 7F", p. 2)). Therefore, the ALJ determined that the Plaintiff "is only mildly limited in performing activities of daily living." *Id.* Second, social functioning includes the ability to get along with family, friends, and others in the community. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(C)(2). The ALJ acknowledged Plaintiff's testimony that "some days …

7

she does not want anyone around her" and "at times can sit around and have panic attacks." (Tr. 26). Therefore, the ALJ determined that the Plaintiff had "moderate difficulties" in social functioning. *Id.* The Plaintiff offers nothing except her own testimony in her attempt to challenge the ALJ's findings. Accordingly, substantial evidence supports the ALJ's conclusions that the Plaintiff is only mildly limited in activities of daily living and has only moderate difficulty in maintaining social functioning.

Third, concentration, persistence or pace is the "ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks found in work settings." 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 12.00(C)(3). The medical evidence demonstrated that Plaintiff's "memory, concentration, and attention were intact" and that she "has the ability to sustain attention/concentration towards simple repetitive tasks." (Tr. 26 (citing "Exhibit 6F")). Therefore, the ALJ found that the Plaintiff "has moderate difficulties" with "regard to concentration, persistence, or pace." *Id.*

The Plaintiff cites to a "segment of the Tri-State Occupational Medicine, Inc., review," which allegedly declared that she "sustained concentration and persistence limitations." (Doc. # 11-1 at 5 (citing "Exhibit 4A")). However, Exhibit 4A is consistent with, and supports, the "moderate" limitations the ALJ found. The medical records state that Plaintiff's "ability to sustain attention and concentration towards simple repetitive tasks is not affected," and explain that the Plaintiff is "[a]ble to understand and complete instructions, carry on a normal conversation, demonstrates adequate concentration" and is "able to drive and do other tasks requiring concentration." (Tr. 74, 79; "Exhibit 4A", p. 3, 8).

8

In conclusion, the Plaintiff does not have at least two "marked" limitations under Paragraph B's criteria and she has not fulfilled her burden of showing that she meets or medically equals Listing 12.04 or Listing 12.06.

### 2. The ALJ did not err in assessing Plaintiff's credibility.

Although relevant to the RFC assessment, a claimant's description of his or her symptoms is not enough, on its own, to establish the existence of physical or mental impairments or disability. Soc. Sec. Rul. 96-7p, 1996 WL 374186 at *2 (July 2, 1996). When evaluating a claimant's symptoms, the ALJ must determine whether there is an underlying medically determinable impairment that could be reasonably expected to produce the alleged symptoms. *Id.* Once that is established, the ALJ must "evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individuals' ability to do basic work activities." *Id.* When the claimant's description of his or her symptoms is not supported by objective medical evidence, the ALJ must assess the credibility of the claimant's statements based on the entire case record, including medical and laboratory findings, claimant's statements, information provided by treating or examining physicians about how the symptoms affect the claimant, and any other relevant evidence. *Id.* The ALJ may also consider the claimant's daily activities; the location, duration, frequency, and intensity of the claimant's symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects off any medication the individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, the individual receives for pain relief; any other measures used for pain management; and any other factors concerning the claimant's limitations due to

9

symptoms. *Id.* at *3. Credibility determinations based solely on intangible or intuitive notions are impermissible. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007).

The Plaintiff complains that the ALJ's reasons for finding that she was not "entirely credible" are illogical. (Doc. # 11-1 at 6.) At Step Four, the ALJ found that the Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." (Tr. 28). However, the ALJ determined that the Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms" were "not entirely credible." (*Id.*). To explain this finding, the ALJ cited to inconsistent statements by the Plaintiff, as well as objective evidence in the record that is inconsistent with the Plaintiff's allegations concerning her level of pain and her breathing problems, including diagnostic tests, lack of treatment, and her functional abilities. (Tr. 28-29).

Based on a review of the record, the Court finds that the ALJ did not err in concluding that there were inconsistencies between the severity of Plaintiff's symptoms and the objective medical evidence. Thus, the ALJ was required to assess Plaintiff's credibility. In making this assessment, the ALJ availed herself of the entire case record, as Social Security Ruling 96-7p instructs. The ALJ not only provided multiple examples of the inconsistencies between the objective medical evidence and Plaintiff's testimony, she also highlighted the inconsistencies in Plaintiff's own testimony. Finally, the ALJ incorporated the limitations that she found to be justified in assigning a RFC for medium work. Under these circumstances, the Court finds no error in the ALJ's Step Four analysis.

### 3. The ALJ posed a proper hypothetical to the VE.

When an ALJ considers whether a claimant can (or cannot) perform a substantial number of jobs that exist in the national economy, the ALJ may rely on the expertise of an agency vocational expert (VE).  *See Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 395 (6th Cir. 2010); 20 C.F.R. § 404.1560(b)(2).  The function of the VE is to advise the ALJ of jobs "found among various categories of employment which the plaintiff can perform with her limitations."  *Beinlich v. Comm'r of Soc. Sec.*, 345 F. App'x 163, 168 (6th Cir. 2009).  Eliciting VE testimony is a circular process: the ALJ provides a hypothetical to the VE, and the VE then testifies to the ALJ on the basis of that hypothetical.

In this case, the ALJ found that there are a significant number of jobs in the national economy that Plaintiff could perform.  (Tr. 31).  The ALJ based this conclusion on testimony from a VE, in response to a hypothetical question assuming an individual of Plaintiff's age, education, work experience, and RFC.  *Id.*  The VE testified that a hypothetical individual with Plaintiff's vocation profile and RFC could find medium-level work as a store laborer or sorter, light-level work as a package tagger or small parts assembler, or sedentary-level work as a final assembler or weigher.  *Id.*  Therefore, the ALJ concluded that Plaintiff is not under a "disability," as defined by the Social Security Act.  (Tr. 32).

The Plaintiff maintains that the ALJ posed an improper hypothetical to the VE because it failed to account for the Plaintiff's "speech impediment;" "19 different medications;" "pain levels throughout the body;" "lack of ability to tolerate stress and pressures of day[-]to[-]day employment;" "ability to respond to supervisors, coworkers

and pressures of work;" "manipulative and neuropathic limitations in the extremities;" "pain and tenderness in shoulders, both wrists, hips, knees, left elbow;" "loss of range of motion;" and "recurrent panic attacks." (Doc. # 11-1 at 7).

The ALJ's reliance on VE testimony is acceptable only to the degree that the VE testifies in response to an accurate hypothetical. *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). This requirement is rooted in common sense: if a claimant suffers from one set of impairments, but a VE offers testimony based on a different set of impairments, then the VE's testimony will fail to adequately capture what jobs the claimant can or cannot do.

However, the "ALJ is required to include in the hypothetical questions only those limitations that accurately portray a claimant's physical and mental impairments." *Brewer v. Soc. Sec. Admin.*, 39 F. App'x 252, 254 (6th Cir. 2002). "The ALJ is not obligated to include unsubstantiated complaints in his hypothetical questions." *Id.* Additionally, the ALJ is not required to include limitations assessed by any treating or non-treating source so long as that source's opinion is properly rejected. *Grant v. Commissioner of Soc. Sec.*, 372 F. App'x 582, 587 (6th Cir. 2010) ("Because the ALJ properly discounted the medical opinions of the other doctors, he also properly excluded the limitations assessed by the doctors from the hypothetical question.").

The question, then, is whether the ALJ properly incorporated or rejected the limitations of which the Plaintiff complains.

The ALJ properly incorporated the Plaintiff's mental impairments in the RFC and the hypothetical. Although the Plaintiff claims that the ALJ's hypothetical failed to account for Plaintiff's speech impediment; lack of ability to tolerate stress and the

pressures of day-to-day employment; her ability to respond to supervisors, coworkers, and the pressures of work; and her panic attacks – the ALJ did incorporate these limitations to the extent the objective medical evidence supported them. In the RFC, the ALJ limited Plaintiff to work that would include "simple instructions" and restricted the Plaintiff to "only occasional interaction with others" and "no production quotas." Therefore, the Plaintiff's mental limitations were properly incorporated into the RFC, and the hypothetical the ALJ posed was proper in that respect.

Likewise, the ALJ properly incorporated or rejected the Plaintiff's physical impairments in the RFC. The Plaintiff claims that the ALJ's hypothetical to the VE should have included information regarding Plaintiff's 19 different medications, her complaints of pain throughout the body, her alleged "manipulative and neuropathic limitations in the extremities;" her claims of "pain and tenderness in shoulders, both wrists, hips, knees, left elbow;" and her alleged "loss of range of motion." (Doc. # 11-1 at 7). However, the ALJ incorporated Plaintiff's physical limitations into the RFC and the hypothetical to the extent they were consistent with the objective medical evidence in the record. As discussed above, the ALJ found Plaintiff's subjective complaints of pain and symptoms to be "not entirely credible," and that credibility determination was supported by substantial evidence. (Tr. 28).

Accordingly, the ALJ appropriately exercised her discretion in posing the hypothetical to the VE. Therefore, the VE's "testimony in response to [the ALJ's] hypothetical question ... "accurately portray[s]" the Plaintiff's physical and mental impairments and serves as "substantial evidence in support of the conclusion that [the Plaintiff] can perform other work." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th

Cir. 2010). The Court finds no error in the ALJ's Step Five conclusion.

## III. CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1) The decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**;

(2) Plaintiff Juanita Elswick's Motion for Summary Judgment (Doc. # 11) is hereby **DENIED**;

(3) Defendant Commissioner's Motion for Summary Judgment (Doc. # 13) is hereby **GRANTED**; and

(4) A judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

This 25th day of April, 2017.



Signed By:
David L. Bunning
United States District Judge

K:\DATA\SocialSecurity\MOOs\Pikeville\16-166 Elswick MOO.docx